UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SNARD D. SAINT LOUIS,

                Plaintiff,

          - against -

CENTRAL TRANSPORT,

                Defendant.
-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
17-CV-7223 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

*Pro se* plaintiff Snard Saint Louis brings this diversity personal injury action against his employer, defendant Central Transport, seeking damages for injuries sustained while working in Brooklyn, New York. (Compl. (Doc No. 1).) Central Transport now moves to dismiss the action for lack of subject-matter jurisdiction and failure to state a claim. (Mot. (Doc. No. 15).) For the reasons set forth below, defendant's motion is granted and the complaint is dismissed. Saint Louis is afforded 30 days' leave to file an amended complaint.

## BACKGROUND

Unless otherwise noted, the facts in this section are taken from the complaint and accepted as true for the purposes of this Order. On February 23, 2015, Saint Louis was loading heavy pallets into an "unsafe and poorly maintained" trailer owned by Central Transport. (Compl. at 5.) The trailer had holes in the roof, which allowed rain, snow, and sleet to leak in and flood the trailer floor. (*Id.*) On February 23, the accumulated precipitation on the floor had frozen into a sheet of ice. (*Id.*) As Saint Louis attempted to load a pallet into the trailer, he slipped and fell. (*Id.*) As he fell, his head struck the handle of a pallet jack – a hand-operated forklift – he was using, and he nearly lost consciousness. (*Id.*)

Saint Louis was severely injured from the fall. He fractured his cervical spine, right shoulder, and lower lumbar spine. (*Id*. at 6.) Because of these injuries, he is unable to work. (*Id*.) According to his doctors, he requires surgery – either a fusion of his cervical vertebrae or an artificial disc replacement. (*Id*.) Physical therapy and pain medication have not provided effective relief. (*Id.*)

On December 5, 2017, Saint Louis initiated this action against Central Transport, seeking $3.5 million in damages and compensation for one of the surgeries. (*Id*.) In his complaint, Saint Louis checked a box indicating he was invoking federal question jurisdiction. (*Id.* at 2.) Prompted to describe the federal constitutional or statutory right violated, he wrote, "Employee Statutory Right #8: Healthy and Safe Working Environment." (*Id*.) Separately, he left the corresponding box for jurisdiction based on "diversity of citizenship" blank. (*Id.*) He alleged that he was a resident of Brooklyn, New York, and that "Central Transport" is a "Trucking Company" located in both Brooklyn and Warren, Michigan. (*Id.* at 3–4.)

On January 21, 2019, Central Transport – appearing as "Central Transport, LLC" – filed its motion to dismiss, arguing that the complaint should be dismissed for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). (Def's Mem. (Doc. No. 15-8).) In support of its 12(b)(6) motion, Central Transport argued that Saint Louis's claims were barred by New York State workers' compensation law, and it attached proof that it had been providing workers' compensation benefits. (*Id.* at 3–5.) In his opposition to the motion, Saint Louis argued, for the first time, that the Court has jurisdiction because Central Transport violated the Occupational Safety and Health Act of 1970 ("OSHA"), 29 U.S.C. § 651, *et seq*. (Pl.'s Opp'n (Doc. No. 16) at 1.) Specifically, he argued Central Transport violated OSHA by "jeopardizing its employee,"

leading to the slip and fall that caused his injuries.  (*Id*.)  Although he did not respond to the 12(b)(6) motion, he appeared to acknowledge that he was receiving workers' compensation benefits, stating that the workers' compensation board had approved spinal fusion surgery (which he subsequently deemed too risky to undergo).  (*Id.*)

## STANDARD OF REVIEW

The district courts of the United States are "courts of limited jurisdiction" and may not preside over cases absent subject-matter jurisdiction.  *Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 552 (2005) (internal quotation marks omitted) (citation omitted).  "Congress has granted district courts original jurisdiction over cases in which there is a federal question and certain cases between citizens of different states, so long as the requirements of complete diversity are met and the amount in controversy exceeds $75,000."  *Perdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (first citing 28 U.S.C. § 1331, then citing *id.* § 1332).  "[B]ecause [subject-matter jurisdiction] involves a court's power to hear a case, [it] can never be waived."  *United States v. Cotton*, 535 U.S. 625, 630 (2002).  "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

## DICUSSION

### I.     Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; *accord Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004).  A case arises under federal law where federal law creates the plaintiff's cause of action or where "the well pleaded complaint 'necessarily depends on resolution of a substantial question of federal law.'"

*Bracey*, 368 F.3d at 113 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 28 (1983)).

Here, the only "federal law" alleged in the complaint is not, in fact, a federal law. As Central Transport points out in its motion papers, "Employee Statutory Right #8: Healthy and Safe Working Environment," appears to be a chapter in an English legal reference guide. *See Statutory Employee Rights: Part 1*, LAWPACK, http://www.lawpack.co.uk/business/employment-contracts/articles/article4810.asp (last updated Oct. 11, 2010). Whatever it is, though, it cannot serve as a basis for this court's jurisdiction. *Cf., e.g.*, *Mackey v. United States, Dep't of Justice*, No. 16-CV-3865 (JFB) (ARL), 2017 WL 1424437, at *5 (E.D.N.Y. Jan. 30, 2017) ("The 'Consumer Financial Protection Bureau' is not a federal law, and Plaintiff cannot rely upon unspecified general banking violations as a basis for federal question jurisdiction."), *report and recommendation adopted*, 2017 WL 1532696 (E.D.N.Y. Feb. 22, 2017).

Nor can any alleged violation of OSHA. Even assuming the Court were to grant Saint Louis leave to amend his complaint to assert OSHA as a basis for jurisdiction, such amendment would be futile. OSHA does not provide a cause of action for employees to sue their employers. *See, e.g.*, *Jacobsen v. N.Y.C. Health & Hosps. Corp.*, No. 12-CV-7460 (JPO), 2013 WL 4565037, at *7 (S.D.N.Y. Aug. 28, 2013) ("[E]mployees do not have a private right of action under OSHA."). And it does not present a substantial question of federal law that must be resolved here. The facts alleged in the complaint make it abundantly clear that this is a tort case, the resolution of which depends on New York State tort and workers' compensation law. As OSHA itself explains, nothing in the Act

> shall be construed to supersede or in any manner affect workmen's compensation law or enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries,

4

diseases or death of employees arising out of or in the course of
employment.

29 U.S.C. § 653(b)(4). Thus, any alleged violation of OSHA cannot serve as a basis for federal question jurisdiction in this case.

## II.     Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." *Id.* "In determining the citizenship of limited liability companies, the Court looks to the citizenship of each of its members." *Long Beach Rd. Holdings, LLC v. Foremost Ins. Co.*, 75 F. Supp. 3d 575, 584 (E.D.N.Y. 2015) (citing, *inter alia*, *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012)); *accord Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000). An individual member's citizenship, in turn, "is determined by his domicile." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). Thus, if any member of a limited liability company lives in the same state as, or otherwise shares citizenship with, any opposing party at the time an action is filed, diversity does not exist, and the action must be dismissed absent another basis for jurisdiction. *See, e.g.*, *Money Source Inc. v. LoanCare LLC*, No. 18-CV-3523 (SJF) (GRB), 2019 WL 1746938, at *2–3 (E.D.N.Y. Apr. 18, 2019).

As pleaded, although the complaint alleges that the amount in controversy is $3.5 million, it does not plausibly allege the parties are diverse from one another. Instead, it comes close to suggesting the opposite: It alleges that Saint Louis is a resident of New York and Central Transport is a nonspecific "company" located in New York and Michigan.

5

### III. Leave to Amend

Courts, however, should not dismiss a case for lack of subject-matter jurisdiction without granting leave to amend at least once when a liberal reading of the complaint gives any indication that jurisdiction could be established. *See Baker v. New York*, 128 F. App'x 185, 186 (2d Cir. 2005) (summary order) ("[A] *pro se* plaintiff should generally be afforded an opportunity to amend his complaint prior to its dismissal for lack of subject matter jurisdiction . . . ."); *Cuoco v. Mortisugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, both the complaint and the parties' submissions indicate diversity jurisdiction may exist. The complaint suggests that Central Transport is based in both New York and Michigan, and Central Transport represents in its motion that it is organized as an LLC. (*See* Mot. at 1). If these things are true, and if Central Transport's members are all citizens of a state other than New York – for example, Michigan – then Central Transport would be diverse from Saint Louis, and this Court would have jurisdiction over the dispute. *See Money Source, Inc.*, 2019 WL 1746938, at *2–3.

Accordingly, Saint Louis is granted 30 days' leave to file an amended complaint. If he does not file an amended complaint within the time allowed, the action will be dismissed. If he does file an amended complaint, it must be captioned as a "First Amended Complaint" and must bear the same docket number as this Order. The amended complaint must allege a plausible basis for invoking this Court's diversity jurisdiction. Here, Central Transport is a limited liability company, and a limited liability company is diverse only if *all* of its members are themselves citizens of states or countries other than New York. For any members who are individuals, this means they must be domiciled in another state or country. *See, e.g.*, *Palazzo*, 232 F.3d at 42. For any members who are partnerships, this means each of their individual partners must be domiciled in another state or country. *See, e.g.*, *Handelsman*, 213 F.3d at 51–

52. And for any members who are corporations, this means the corporation must be incorporated in, and have its principal place of business in, another state or country. *See* 28 U.S.C. § 1332(c)(1). Finally, Saint Louis is advised that the amended complaint replaces the original complaint in its entirety. Thus, it must restate all the allegations contained in the original complaint.[1]

In deciding whether to file an amended complaint, Saint Louis may additionally wish to consider whether this action is ultimately likely to succeed. If this is true, then he may be barred from pursuing this action.

## CONCLUSION

For the reasons set forth above, Central Transport's motion to dismiss (Doc. No. 15) is granted and the complaint is dismissed. Saint Louis is granted 30 days' leave to file an amended complaint alleging diversity between the parties. The Clerk of Court is directed to mail a copy of this Order to Saint Louis at the address listed on the docket and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
September 27, 2019

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[1] The Court notes an additional argument pressed in Central Transport's 12(b)(6) motion that may ultimately bear on any Amended Complaint. Negligence claims against employers are not available to injured employees who are receiving workers' compensation benefits from their employers. *See, e.g.*, *Isabella v. Koubek*, 733 F.3d 384, 388 (2d Cir. 2014) ("[A]n injured party who receives workers' compensation cannot sue the employer . . . whose negligence caused his injuries." (citing N.Y. Workers' Comp. Law §§ 11, 29(6))). Although Saint Louis's complaint alleges nothing about workers' compensation benefits, he appears to have subsequently acknowledged that he is receiving them. (*See* Pl.'s Opp'n at 1.) The Court does not address this issue today, and notes that a 12(b)(6) motion that relies on evidence outside of the record may not be a proper vehicle for raising this argument.

7