UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SNARD D. SAINT LOUIS,

                Plaintiff,

  - against -

CENTRAL TRANSPORT,

                Defendant.
------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
17-CV-7223 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

*Pro se* plaintiff Snard Saint Louis brings this diversity action against his employer, Central Transport, seeking damages for personal injuries he sustained while working in Brooklyn, New York. (Am. Compl. (Doc No. 1).) Central Transport now moves for summary judgment under Fed. R. Civ. P. 56 on the ground that New York Workers' Compensation Law bars this action. (Mot. (Doc. No. 29).) For the reasons set forth below, Central Transport's motion is granted and the complaint is dismissed.

## BACKGROUND

### 1. Factual Background

Unless otherwise noted, the following facts are undisputed. Saint Louis was an employee of Central Transport in February 2015. (Defendant's Rule 56.1 Statement of Undisputed Facts ("Def.'s SOF") (Doc. No. 29-1) ¶ 1; Plaintiff's Response to Defendant's Rule 56.1 Statement of Undisputed Facts ("Pl.'s SOF") (Doc. No. 30) ¶ 1.) On February 23, 2015, Saint Louis had an accident while working for Central Transport and was severely injured. (Def.'s SOF ¶ 2; Pl.'s SOF ¶ 2.)

The parties do not dispute that Saint Louis was entitled to Workers' Compensation through Central Transport's Workers' Compensation plan (the "Plan") and that he received

payments from the Plan.  (Def.'s SOF ¶¶ 3–6; Pl.'s SOF ¶¶ 4–5.)  It is undisputed that Saint Louis's medical providers have received payments from the Plan and that Saint Louis himself has received indemnity payments.  (Def.'s SOF ¶¶ 4–6; Pl.'s SOF ¶¶ 3–5.)  However, Saint Louis submits that the indemnity payments are insufficient to cover his bills and loss of earnings due to his injuries, and fail to compensate him for his pain and suffering.  (Pl.'s SOF ¶ 5.)

2.  **Procedural Background**

On December 5, 2017, Saint Louis initiated this personal injury action against Central Transport, demanding $3.5 million in damages and compensation for one of his surgeries.  (Compl. (Doc. No. 1).)  He checked a box in his complaint indicating he was invoking federal question jurisdiction.  (*Id.* at 2.)  On January 21, 2019, Central Transport filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) arguing that Saint Louis's complaint did not provide a basis for subject matter jurisdiction and that Saint Louis's claims were barred by New York Workers' Compensation Law.  (Mot. to Dismiss (Doc. No. 15-8).)  In a Memorandum and Order issued on September 27, 2019, the Court granted Central Transport's motion to dismiss for lack of subject matter jurisdiction because Saint Louis's claim did not invoke federal question jurisdiction.  (Mem. & Order (Doc. No. 19).)  The Court permitted Saint Louis to amend his complaint to allege a plausible basis for invoking diversity jurisdiction.  (*Id.* at 6.)  The Court did not address the portion of Central Transport's motion that sought dismissal on the ground that Saint Louis's claims were barred by New York Workers' Compensation Law, noting that this argument "relies on evidence outside of the record." (*Id.* at 7 n.1.)  However, the Court explained that this argument might "ultimately bear on any Amended Complaint."  (*Id.*)

2

On November 27, 2019, Saint Louis filed his Amended Complaint, this time pleading diversity jurisdiction, and restating the same substantive allegations that he had pleaded in his original complaint – that Central Transport's negligence caused his February 23, 2015, injury. (Am. Compl. at 5.)   Like the original pleading, Saint Louis's amended complaint demanded $3.5 million in damages from Central Transport. (*Id.* at 7.)

On March 30, 2020, Central Transport filed the instant motion for summary judgment asserting one argument – that Saint Louis's claim is barred by New York State law.  (Mot. at 1.) Specifically, Central Transport argues that pursuant to New York Workers' Compensation Law § 11, an employee injured in the course of his employment is barred from suing his employer for compensation based on his injuries if he received workers' compensation.  (*Id.* at 2.)  Although Saint Louis has not filed an opposition brief, he has filed responses to Central Transport's 56.1 statement, in which he acknowledges having received workers' compensation.

## STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings, depositions, interrogatories, and affidavits demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is "material" if it may impact the "outcome of the suit under the governing law."  *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson*, 477 U.S. at 248).

In determining whether a genuine issue of material fact exists, the evidence of the non-movant "is to be believed," and the Court must draw all "justifiable" or reasonable inferences in

favor of the non-moving party. *Anderson*, 477 U.S. at 255 (citation omitted); *see also Rodriguez v. City of New York*, 72 F.3d 1051, 1061 (2d Cir. 1995) ("[T]he court is to draw all factual inferences in favor of the party against whom summary judgment is sought, viewing the factual assertions . . . in the light most favorable to the party opposing the motion." (citations omitted)).

The same standards for summary judgment apply where, as here, the non-movant is proceeding *pro se*. *Williams v. Savory*, 87 F. Supp. 3d 437, 451 (S.D.N.Y. 2015). However, "special solicitude should be afforded *pro se* litigants generally, when confronted with motions for summary judgment." *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988).

## DISCUSSION

New York Workers' Compensation Law provides that every employer must provide workers' compensation for their employees for injury arising out of and in the course of their employment. Section 10 provides:

> Every employer subject to this chapter shall in accordance with this chapter, except as otherwise provided in section twenty-five-a hereof, secure compensation to his employees and pay or provide compensation for their disability or death from injury arising out of and in the course of the employment without regard to fault as a cause of the injury . . .

N.Y. Workers' Comp. Law § 10. In turn, section 11 limits a negligent employer's liability to the compensation provided by section 10, stating:

> The liability of an employer prescribed by the last preceding section shall be exclusive and in place of any other liability whatsoever, to such employee, his or her personal representatives, spouse, parents, dependents, distributees, or any person otherwise entitled to recover damages, contribution or indemnity, at common law or otherwise, on account of such injury or death or liability arising therefrom . . .

N.Y. Workers' Comp. Law § 11. As a result, "an injured party who receives workers' compensation cannot sue the employer . . . whose negligence caused his injuries." *Isabella v. Koubek*, 733 F.3d 384, 388 (2d Cir. 2014) (citing N.Y. Workers' Comp. Law §§ 11, 29(6))); *see*

4

*Weiner v. City of New York*, 84 A.D.3d 140, 143 (N.Y. App. Div. 2011), *aff'd*, 19 N.Y.3d 852, 970 (2012) ("A cornerstone of the workers' compensation framework is a tradeoff: the employee is afforded swift and sure compensation and the employer is assured that its workers' compensation liability to its employee 'shall be exclusive and in place of any other liability whatsoever.'" (quoting N.Y. Workers' Comp. Law § 11) (additional quotations and citations omitted)).

Here, there is no dispute that: (1) Saint Louis was employed by Central Transport; (2) his injury arose out of and in the course of his employment; (3) Central Transport secured workers' compensation for employees injured out of and in the course of their employment; and (4) Saint Louis received workers' compensation through Central Transport's workers' compensation plan. Accordingly, Saint Louis's exclusive remedy is Central Transport's workers' compensation and this claim is barred. Central Transport is entitled to summary judgment and Saint Louis's claim is dismissed.

## CONCLUSION

For the reasons set forth above, Central Transport's motion for summary judgment is granted and the complaint is dismissed. The Clerk of Court is directed to enter judgment in favor of Central Transport, to mail a copy of the judgment and this Memorandum and Order to Saint Louis, to note that mailing on the docket sheet, and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
      March 26, 2021

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge